FILED
JAMES BONINI
CLERK

03 NOV 17 PM 3: 13

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

NORA K. MULLEN
109 West Pacemont Road
Columbus, OH 43202
    Plaintiff,

vs.

Mr. HICKMAN
Reliant Capital Solutions, LLC
750 Cross Pointe Road, Suite G
Gahanna, OH 43230

Mr. KEYES
Reliant Capital Solutions, LLC
750 Cross Pointe Road, Suite G
Gahanna, OH 43230

    &

RELIANT CAPITAL SOLUTIONS, LLC
c/o Ms. Margie Brickner, Statutory Agent
750 Cross Pointe Road, Suite G
Gahanna, OH 43230
    Defendants.

Case No. 2:09 cv 1044

JUDGE SARGUS

MAGISTRATE JUDGE KEMP

---

**COMPLAINT**
**WITH JURY DEMAND ENDORSED**
(Fair Debt Collection Practices Act &
Ohio Consumer Sales Practices Act)

---

1

Now comes the plaintiff, Nora K. Mullen, by and through her undersigned counsel of record, making this her complaint in the above-entitled matter and stating in support thereof:

## I. JURISDICTION

1. This matter involves claims under the Fair Debt Collection Practices Act (FDCPA), 15 USC §§ 1692a et seq. Jurisdiction therefore obtains for presence of a federal question. See 15 USC § 1692k.

2. This matter furthermore involves claims under the Ohio Consumer Sales Practices Act, Revised Code Chapter 1345. Supplemental or pendent jurisdiction obtains over such state-law claims. See 28 USC § 1367(a).

## II. VENUE

3. The actions complained of herein occurred in Columbus, Ohio, and in this district. Venue therefore lies in this Court. See 28 USC § 1391(b)(2).

## III. FACTUAL BACKGROUND

### A. Hickman's initial communication & demand for verification

4. Certain contracts and dealings had occurred, between the plaintiff Mullen and Thompson Building Assoc., Inc., exclusively for personal, family, or household purposes.

5. On information and belief, Thompson Building Assoc., Inc., engaged the defendant Reliant Capital Solutions, LLC.

6. The individual defendant Hickman, and Reliant Capital Solutions, LLC, each "regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Each of the defendants Hickman and Reliant Capital Solutions, LLC, therefore, constituted a debt collector as contemplated by the FDCPA. 15 USC

2

§ 1692a(6).

7. The defendant Hickman, as a debt collector, on February 11, 2009, placed a telephone call to the plaintiff Mullen.

8. On information and belief, the defendants Reliant Capital Solutions, Inc., and Hickman, actually knew or reasonably should have inquired and known of Mullen's representation by counsel.

9. The plaintiff Mullen reported Hickman's call to her undersigned counsel. Mullen's counsel returned the call to Hickman, confirming the representation, and further replied by letter of February 12, 2009. Mullen appends a copy of counsel's letter of February 12, 2009, as Exhibit A.

10. Mullen's counsel's letter of February 12, 2009, Exhibit A, included an express demand for validation of asserted debt, pursuant to the FDCPA. See 15 USC § 1692g(b).

11. Neither Hickman, nor Reliant Capital Solutions, LLC, provided such validation, whether within five days of such initial communication, or within 30 days of counsel's written demand, Exhibit A, or at any other material time. See 15 USC § 1692g(a), (b).

12. Such direct communication, in disregard of representation by counsel, subjected the plaintiff Mullen to embarrassment, outrage, anxiety, stress and strain, and other emotional injury.

13. Such failure of response to counsel's demand for validation further subjected the plaintiff Mullen to anxiety, stress and strain, and other emotional injury.

B. Keyes's subsequent communication & reiteration of demand

14. The individual defendant Keyes, and Reliant Capital Solutions, LLC, also each "regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." Each of the defendants Keyes and Reliant Capital Solutions, LLC, therefore, constituted a debt collector as contemplated by the FDCPA. 15 USC § 1692a(6).

15. The defendant Keyes, as a debt collector against Mullen, on July 1, 2009, placed a telephone call to the plaintiff Mullen's undersigned counsel, regarding Thompson Building Assoc., Inc., and the collection of debt.

16. Mullen's undersigned counsel, in that telephone conference with the defendant Keyes of July 1, 2009, again confirmed the representation, and demanded validation of asserted debt.

17. Keyes moreover informed Mullen's undersigned counsel that he, Keyes, had obtained an unspecified clearance to file suit against Mullen, and that he would provide documentation of such.

18. Notwithstanding the telephone conference of July 1, 2009, between Keyes and Mullen's undersigned counsel, Keyes then, on July 10, 2009, placed a telephone call to Mullen.

19. Keyes' telephone call to Mullen alluded to Keyes's office as RCS Legal.

20. On information and belief, Reliant Capital Solutions, LLC, including any such pseudonym as RCS Legal, does not constitute any law firm or other organization entitled to practice law. See 15 USC § 1692e(3).

21. Mullen again immediately reported Keyes's call. Counsel responded by letter, still of July 10, 2009, reiterating the circumstances and the discerned violations of law. Mullen appends a copy of counsel's letter of July 10, 2009, as Exhibit B.

22. Such misrepresentation of any status of Reliant Capital Solutions, LLC, including the pseudonymous RCS Legal, as a law firm, subjected the plaintiff Mullen to particular

4

embarrassment, anxiety, stress and strain, and other emotional injury.

23. Such direct communication, now in repeated disregard of representation by counsel, subjected the plaintiff Mullen to embarrassment, outrage, anxiety, stress and strain, and other emotional injury.

## IV. COUNT ONE – HICKMAN – COMMUNICATION WITH CONSUMER REPRESENTED BY ATTORNEY (FDCPA, 15 USC § 1692c(a)(2)

24. The plaintiff incorporates by reference paragraphs 4 through 13 hereof, as though set forth again in full.

25. Hickman, actually or imputably knowing in fact of Mullen's representation by counsel, nonetheless directly communicated with Mullen.

26. Hickman thereby violated the FDCPA, 15 USC § 1692c(a)(2).

## V. COUNT TWO – HICKMAN – FAILURE TO PROVIDE VALIDATION OF ASSERTED DEBT (FDCPA, 15 USC § 1692g(a), (b))

27. The plaintiff incorporates by reference paragraphs 4 through 13 hereof, as though set forth again in full.

28. Certain documents came to Mullen's counsel, only directly from Thompson Building Assoc., Inc., not from Hickman as debt collector, and only on July 17, 2009, not within five days or 30 days or any other period required by law following Mullen's demand for validation.

29. Hickman, notwithstanding his communication with Mullen in connection with debt collection, and Mullen's demand through counsel for validation of asserted debt, thereby failed to provide such timely, written notice regarding the validation of such debt, as required by the FDCPA. See 15 USC § 1692g(a).

## VI. COUNT THREE – KEYES – COMMUNICATION WITH CONSUMER REPRESENTED BY ATTORNEY (FDCPA, 15 USC § 1692c(a)(2)

30. The plaintiff incorporates by reference paragraphs 14 through 23 hereof, as though set forth again in full.

31. Keyes, knowing in fact of Mullen's representation by counsel, and having so been apprised by Mullen's counsel, nonetheless directly communicated with Mullen.

32. Keyes thereby violated the FDCPA, 15 USC § 1692c(a)(2).

## VII. COUNT FOUR – KEYES – FAILURE TO CEASE COLLECTION PENDING DEMANDED VERIFICATION OF ASSERTED DEBT (FDCPA, 15 USC § 1692g(b))

33. The plaintiff incorporates by reference paragraphs 4 through 13, and 14 through 23 hereof, as though set forth again in full.

34. Keyes's persisting communication regarding the asserted debt, in the absence of verification of it pursuant to demand, violated the FDCPA. See 15 USC § 1692g(b).

## VIII. COUNT FIVE – KEYES – MISREPRESENTATION AS ATTORNEY (FDCPA, 15 USC § 1692e(3))

35. The plaintiff incorporates by reference paragraphs 14 through 23 hereof, as though set forth again in full.

36. By Keyes's reference to RCS Legal, in communication with Mullen, Keyes falsely represented or implied that he himself was an attorney or that any communications from Reliant Capital Solutions, LLC, came from an attorney.

37. Keyes thereby violated the FDCPA, 15 USC § 1692e(3).

## IX. COUNT SIX – HICKMAN & RELIANT CAPITAL SOLUTIONS, LLC – RESPONDEAT SUPERIOR (FDCPA)

38. The plaintiff incorporates by reference paragraphs 4 through 13, 24 through 26, and 27 through 29 hereof, as though set forth again in full.

6

39. The individual defendant Hickman so acted, as an employee or other agent of the defendant Reliant Capital Solutions, LLC.

40. Each of the stated violations of the FDCPA, by the individual defendant Hickman, is imputable to the defendant Reliant Capital Solutions, LLC.

## X. COUNT SEVEN – KEYES & RELIANT CAPITAL SOLUTIONS, LLC – RESPONDEAT SUPERIOR (FDCPA)

41. The plaintiff incorporates by reference paragraphs 14 through 23, 30 through 32, 33 and 34, and 35 through 37 hereof, as though set forth again in full.

42. The individual defendant Keyes so acted, as an employee or other agent of the defendant Reliant Capital Solutions, LLC.

43. Each of the stated violations of the FDCPA, by the individual defendant Keyes, is imputable to the defendant Reliant Capital Solutions, LLC.

## XI. COUNT EIGHT – HICKMAN (OCSPA)

44. The plaintiff incorporates by reference paragraphs 4 through 13, 24 through 26, and 27 through 29 hereof, as though set forth again in full.

45. Such acts by the defendant Hickman moreover constituted unfair or deceptive acts or practices, in violation of the Ohio Consumer Sales Practices Act (OCSPA). See ORC § 1345.02.

46. Such acts by the defendant Hickman moreover constituted unconscionable consumer sales acts or practices, in violation of the OSCPA. See ORC § 1345.03.

## XII. COUNT NINE – KEYES (OCSPA)

47. The plaintiff incorporates by reference paragraphs 14 through 23, 30 through 32, 33 and 34, and 35 through 37 hereof, as though set forth again in full.

48. Such acts by the defendant Keyes moreover constituted unfair or deceptive acts or

practices, in violation of the Ohio Consumer Sales Practices Act (OCSPA). See ORC § 1345.02.

49. Such acts by the defendant Keyes moreover constituted unconscionable consumer sales acts or practices, in violation of the OSCPA. See ORC § 1345.03.

### XIII. COUNT TEN – HICKMAN & RELIANT CAPITAL SOLUTIONS, LLC – RESPONDEAT SUPERIOR (OCSPA)

50. The plaintiff incorporates by reference paragraphs 4 through 13, 24 through 26, 27 through 29, and 45 and 46 hereof, as though set forth again in full.

51. The individual defendant Hickman so acted, as an employee or other agent of the defendant Reliant Capital Solutions, LLC.

52. Each of the stated violations of the OCSPA, by the individual defendant Hickman, is imputable to the defendant Reliant Capital Solutions, LLC.

### XIV. COUNT ELEVEN – KEYES & RELIANT CAPITAL SOLUTIONS, LLC – RESPONDEAT SUPERIOR (OCSPA)

53. The plaintiff incorporates by reference paragraphs 14 through 23, 30 through 32, 33 and 34, 35 through 37, and 48 and 49 hereof, as though set forth again in full.

54. The individual defendant Keyes so acted, as an employee or other agent of the defendant Reliant Capital Solutions, LLC.

55. Each of the stated violations of the OCSPA, by the individual defendant Keyes, is imputable to the defendant Reliant Capital Solutions, LLC.

### PRAYERS FOR RELIEF

Wherefore, the plaintiff, Nora K. Mullen, demands judgment as follows:

On Count One, against the defendant Hickman, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000;

8

On Count Two, against the defendant Hickman, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000;

On Count Three, against the defendant Keyes, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000;

On Count Four, against the defendant Keyes, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000;

On Count Five, against the defendant Keyes, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000;

On Count Six, against the defendant Reliant Capital Solutions, LLC, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000 for each violation;

On Count Seven, against the defendant Reliant Capital Solutions, LLC, actual damages as will be shown by evidence, or liquidated damages pursuant to the FDCPA, 15 USC § 1692k(a)(2)(A), of $1,000 for each violation;

On Count Eight, against the defendant Hickman, actual damages as will be shown by evidence, or liquidated damages pursuant to the OCSPA, ORC § 1345.09, of $200;

On Count Nine, against the defendant Keyes, actual damages as will be shown by evidence, or liquidated damages pursuant to the OCSPA, ORC § 1345.09, of $200;

On Count Ten, against the defendant Reliant Capital Solutions, LLC, actual damages as will be shown by evidence, or liquidated damages pursuant to the OCSPA, ORC § 1345.09, of $200;

On Count Eleven, against the defendant Reliant Capital Solutions, LLC, actual damages

as will be shown by evidence, or liquidated damages pursuant to the OCSPA, ORC § 1345.09, of $200;

On each and every count, attorney's fees and costs and expenses of suit; and,

Such further or other relief as will be just.

Respectfully submitted,

*/s/ Richard J. Donovan*

RICHARD J. DONOVAN     (0060900)
R. J. Donovan Co., LPA
200 East Campus View Blvd., Suite 200
Columbus, OH  43235-4678
vox 614.985.3651 & fax 614.985.3744
rjdonovan@rjdonovan.com
Trial Att'y for Plaintiff, Nora K. Mullen

## JURY DEMAND

The plaintiff demands trial by jury of all issues amenable thereto.

Respectfully submitted,

*/s/ Richard J. Donovan*

RICHARD J. DONOVAN     (0060900)
Trial Attorney for Plaintiff

Complaint 20091117.odt